UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA – DIVISION THREE

**RONALD R. WIDMYER**
**822 Girard Street**
**Hudson, WI 54016,**
**Plaintiff,**

**Case No. CV002190 DDA/FLN**

**v.**

**ANDERSON CORPORATION**
**100 4th Ave. North**
**Bayport, MN 55003,**
**Defendant.**

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, on the joint motion and stipulation of the parties pursuant to Rule 26 (c), Federal Rules of Civil Procedure, and for good cause shown,

IT IS HEREBY OREDERED THAT:

1. **Confidential Information.** As used in this Order, the term "Confidential Information" shall be applicable to defendant's policies, procedures and practices, as well as personnel records produced by defendant of persons other than plaintiff, including, but not limited to personnel files, personnel investigations, promotion records, hiring records, salary and benefit records, employment applications, resumes, employee evaluations, and other documents concerning employee performance, as well as any information relating to complaints by employees to defendant's management personnel. All of the foregoing

FILED 6-26-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

information, as well as any designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents regarding the foregoing information is hereby designated as "CONFIDENTIAL."

2. **No Disclosure.** Except upon further Order of this court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a. Counsel for the parties in this action who are actively engaged in the conduct if this litigation; and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services to the litigation;

b. Any independent document reproduction services or document recording and retrieval services;

c. Outside consultants or expert witnesses to be utilized for the purposes of this litigation by either party upon agreement of such consultants or expert witnesses to be bound by terms of this Protective Order, in the form attached hereto as the "Acknowledgement;"

d. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or provisions of paragraph 3 hereof.

3. **Obtain Acknowledgment.** Prior to disclosure of any Confidential Information to any person identified in paragraph 2.c. or 2.d., such person shall be given a copy of this Order and shall certify a sworn statement as set forth in the Acknowledgment (Attachment A) that he/she has read and understands this Order, agrees to comply with its

terms and, only for the purpose of securing compliance with its terms, irrevocably submits his/her person to the jurisdiction of this court. The party providing Confidential Information to such person shall hold the signed statement of each such person. Such statements shall be produced to counsel for the opposing party upon written demand at the conclusion of this litigation.

4. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or any one outside this proceeding for any purpose.

5. **Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than those designated in Paragraph 2 above.

6. **Filing Confidential Information.** If any information which a party designates as "CONFIDENTIAL" is filed with the court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the court) that Confidential Information shall be filed separately in a sealed envelope containing the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," together

with a cover sheet stapled to the sealed envelope containing the case caption, signature of the attorney for the filing party and a list of the title(s) of the confidential document(s).

7. **Confidential Information in Depositions.** Parties (and deponents) may, within fifteen (15) days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. Until expiration of the fifteen day period, the entire transcript will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

8. **Subject to Court's Jurisdiction.** Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence has indicated on her or its Court ordered Exhibit List any proposed exhibits that are designated as Confidential. Any party may move the court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential

and, if so, what protection may be afforded such information at trial. Under no circumstances shall the trier of fact be advised that certain information has been designated "Confidential," unless requested or approved by the designating party.

**10. Return of Confidential Information.** Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a. Counsel of record for each party receiving Confidential Information shall return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b. All persons who received any Confidential Information, shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 10.a.; and

c. Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10.a. and 10.b. above.

**11. No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authority, foundation or admissibility of any document, material, transcript, or other information.

IT IS HEREBY ORDERED THIS 26th day of June, 2001.

UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE

APPROVED:

**BAKKE❖NORMAN, S.C.**

By:

Peter M. Reinhardt (1025187)
2403 Stout Road
P.O. Box 280
Menomonie, WI 54751
715-235-9016

ATTORNEYS FOR PLAINTIFF

and

**OPPENHEIMER WOLFF & DONNELLY LLP**

By:

Kathleen M. Mahoney (#66588)
David Jordan-Huffman (#271676)
Plaza Vii, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
612-607-7259

ATTORNEYS FOR DEFENDANT